IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:18CR241 |
| vs. | ORDER |
| THOMAS JANES, | |
| Defendant. | |

This matter is before the Court on the Request for Hearing on Writ of Garnishment (Filing No. 59) filed by Defendant, Thomas Janes. Defendant requests a hearing on the Writ of Garnishment (Filing No. 56) issued by the Clerk of the United States District Court on February 20, 2020. The Court will deny the motion.

On August 29, 2019, the Court entered a judgment in this case sentencing Defendant to twenty-four months incarceration and ordering him to pay restitution in accordance with 18 U.S.C. §§ 3663 and 3663A in the amount of $18,136.40. (Filing No. 48 at pp. 2, 5). The judgment provides the restitution "shall be paid" in accordance with the "Schedule of Payments" contained in the judgment, and that, "Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 3% of the defendant's gross income, whichever is greater[.]" (Filing No. 48 at p. 5). The judgment's Schedule of Payments section contains the same payment plan language above, but further provides, "The criminal monetary penalty is due in full on the date of the judgment. . . . The United States may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty." (Filing No. 48 at p. 8).

On February 19, 2020, the government filed an Ex-Parte Application for Writ of Garnishment (Filing No. 54) to garnish funds held by Defendant at Pinnacle Bank to satisfy the full outstanding balance of the judgment, $18,136.40. The Clerk of Court issued the Writ of Garnishment on February 20, 2020. (Filing No. 56). According to the garnishee's sealed answer, Defendant has approximately $3,200 in a checking and savings account with Pinnacle. Defendant filed his instant request for a hearing and to set aside the Writ of Garnishment, arguing that government has impermissibly frozen all funds in his accounts to collect the entire amount of the

criminal restitution penalty, instead of abiding by the judgment's payment schedule that provides he is to make monthly payments of $100 or 3% of his gross income thirty-days after his release from incarceration. (Filing No. 59; Filing No. 69). Defendant asserts he uses the funds in the garnished account to maintain his residence and property in Omaha while he serves his sentence. (Filing No. 59 at p. 2).

Under 18 U.S.C. § 3664(m)(1)(A)(i)-(ii), the United States may enforce an order of restitution in the same manner that it recovers fines and "by all other available and reasonable means." Additionally, under 18 U.S.C. § 3613(c), "an order of restitution made pursuant to sections . . .3663 [or] 3663A . . . of this title, is a lien in favor of the United States on all property and rights to property of the person as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." As such, the United States may collect criminal restitution debts pursuant to the Federal Debt Collection Procedures Act (FDCPA). See *United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016).

Defendant argues the government's garnishment of his bank account to collect on the full amount of the criminal penalty is in direct conflict with the schedule of payments set forth in the judgment. The Court agrees with Defendant that it seems counterintuitive to permit the government to garnish funds up to the full amount of the criminal penalty owed despite the judgment setting forth a monthly payment plan following his release from incarceration. However, this case is indistinguishable from *United States v. Behrens*, 656 F. App'x 789 (8th Cir. 2016), wherein the Eighth Circuit concluded that a payment schedule does not preclude garnishment of more than the amount specified in the payment schedule if "the judgment specifie[s] that the amount owed was due in full on the date of judgment" and does not limit "the government's ability to institute civil collections proceedings." *Behrens*, 656 F. App'x at 790. In *Behrens*, like in this case, a criminal defendant objected to the government's garnishment in part because it conflicted with the judgment's payment schedule. The judgment in *Behrens* ordered the defendant to pay restitution in the amount of $6,841,921.90, with the Schedule of Payments section providing, "Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $125 or 5% of the defendant's gross income, whichever is greater," with the first payment commencing ninety days after the defendant's discharge from incarceration. *United States v. Behrens*, 8:09CR129 (D. Neb. November 28, 2012). But, like the Judgment in this case,

the judgment in *Behrens* also provided, "The criminal monetary penalty is due in full on the date of the judgment. . . . The United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty." *Id*. The Eighth Circuit therefore affirmed the district court's denial of the defendant's objection to the garnishment because the judgment "specified that the amount owed was due in full on the date of judgment" and did not limit "the government's ability to institute civil collections proceedings." *Behrens*, 656 F. App'x at 790. The Eighth Circuit also found the district court did not err in denying the defendant's request for a hearing because his arguments failed as a matter of law. *Id.* FDCPA proceedings "are limited to consideration of claimed exemptions, the government's compliance with statutory requirements, and the validity of default judgment," none of which the defendant had raised. *Id.* (citing 28 U.S.C. § 3202(d)).

Here, as in *Behrens*, the judgment provides, "The criminal monetary penalty is due in full on the date of the judgment. . . . The United States may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty." (Filing No. 48 at p. 8). Therefore, "the payment schedule set forth in the judgment d[oes] not preclude the instant garnishment, because the judgment specified that the amount owed was due in full on the date of judgment; and notably, the judgment imposed the obligation to make installment payments without limiting the government's ability to institute civil collections proceedings." *Behrens*, 656 F. App'x at 790. Defendant raises no other objections to the garnishment in this case. Because Defendant's argument fails as a matter of law, a hearing on this matter is not necessary. Accordingly,

**IT IS ORDERED** that Defendant's Request for Hearing on Writ of Garnishment (Filing No. 59) is denied. The hearing set for March 18, 2020, is canceled.

Dated this 17th day of March, 2020.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge