IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:18-CR-241** |
| vs. | |
| THOMAS JANES | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter comes before the Court on Defendant's Motion for Compassionate Release (Filing 73). Defendant was sentenced on August 26, 2019, to a term of 24 months' incarceration, followed by five years of supervised release, after he pled guilty to one count of possession of child pornography concerning prepubescent minors in violation of 18 U.S.C. § 2252A. Defendant received this very favorable sentence from Senior Judge Laurie Smith Camp after the Court varied downward from the United States Sentencing Guideline provisions suggesting 91-121 months of incarceration. *See* Filing 49. Defendant now seeks a reduction in sentence to time served, home detention instead of incarceration, or the appointment of counsel due to the COVID-19 pandemic in conjunction with his asthma and eczema. Filing 73 at 16, 22.

However, Defendant has not exhausted his administrative remedies. In Section 603 of the First Step Act, Congress amended 18 U.S.C.§ 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Most courts, including the District of Nebraska,

> have interpreted [this] language to mean that a petition for compassionate release
> may be submitted to the sentencing judge if 30 days have elapsed after a warden's

receipt of a defendant's request, and the warden failed to respond; but if the warden denied the request within 30 days of receipt, the defendant must exhaust administrative remedies within the Bureau of Prisons.

*United States v. Arthaloney*, No. 8:18-CR-127, 2020 WL 2571171, at \*1 (D. Neb. May 21, 2020). Thus, a defendant must show exhaustion of all administrative remedies within the Bureau of Prisons.

Defendant submitted evidence of his initiation of administrative remedies, specifically his request to the Warden for compassionate release on August 19, 2020, and the Warden's denial of such request on September 8, 2020. Filing 73 at 32-33. Defendant then appealed the Warden's denial on September 14, 2020. Filing 73 at 34. But Defendant's motion appears to have been received by the Court on September 16, 2020, *see* Filing 73 at 57, and the motion contains no evidence that his appeal was denied. Defendant does not allege anything further about his appeal. Accordingly, it is not clear that Defendant has exhausted all administrative rights of appeal as required by 18 U.S.C. § 3582(c)(1)(A). Thus, the Court cannot entertain the Defendant's request for compassionate release until his administrative remedies have been exhausted. However, should Defendant file a new motion indicating either that (1) his appeal had been rejected or (2) he has received no response to his appeal and thirty days have passed, then the Court would have no choice but to entertain his motion.

IT IS ORDERED:

1. Defendant's Motion for Compassionate Release (Filing 73) is denied without prejudice subject to reassertion upon a showing of exhaustion of appeal;

2. The Clerk of Court shall mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 15th day of October 2020.

2

BY THE COURT:

_____

Brian C. Buescher
United States District Judge